IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID WAYNE MCCORMICK,
    Plaintiff,

vs.                              CASE NO.: 3:10cv253/MCR/MD

ARMOR MEDICAL, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

        On August 13, 2010, this court entered an order (doc. 17) granting plaintiff's motion to proceed *in forma pauperis* and requiring plaintiff to pay the initial filing fee assessed by this court for the filing of his civil rights complaint. Plaintiff was unable to timely comply due to a misunderstanding with prison officials, which was resolved, and he was given an additional twenty-eight (28) days in which to pay the filing fee (doc. 23). After that time elapsed and plaintiff had neither paid the assessed fee nor explained his inability to do so, on October 29, 2010 the court entered an order to show cause why the case should not be dismissed for his failure to comply (doc. 25). This order was returned to the court as undeliverable one day after the court received plaintiff's notice of change of address.

        Plaintiff was given one final opportunity to comply with the court's order of August 13, 2010 in order to avoid dismissal. As previously instructed, he was ordered to submit his initial partial filing fee of $11.33 along with any amount that had come due since that fee was assessed. (Doc. 29). To date, plaintiff has failed to comply with this court's orders or explain his inability to do so.

        Accordingly, it is respectfully RECOMMENDED:

        That this case be dismissed for failure to prosecute and failure to comply with an order of the court.

        At Pensacola, Florida, this 16th day of December, 2010.

                                                /s/ *Miles Davis*
                                                **MILES DAVIS**
                                                **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).